## CHARLES D. NICHOLS v. J. P. RODGERS.[1]

October 14, 1910.

Nos. 16,587—(21).

**Broker — findings sustained by evidence.**
Evidence considered, and *held* to support the findings of fact.

Action begun in the district court for Hennepin county and transferred to Ramsey county to recover $860, balance alleged to be due as commission for the sale of certain land made on March 18, 1909. The defense set up in the answer is stated in the opinion. The written agreement set out in the complaint provided that it should terminate on December 31, 1909, if not sooner cancelled.

The case was tried before Bunn, J., who made findings of fact and as conclusion of law ordered judgment in favor of plaintiff for the amount demanded. From an order denying defendant's motion for a new trial, he appealed. Affirmed.

*B. H. Schriber,* for appellant.

*Henry J. Fletcher* and *Fred W. Reed,* for respondent.

START, C. J.

Action to recover a balance of $860, which the complaint alleged to be due to the plaintiff from the defendant as commission earned by the plaintiff in making a sale of six hundred and forty acres of land pursuant to the written contract of the parties. It was stipulated in the contract that the plaintiff should receive a commission of $1.50 per acre on all sales of six hundred and forty acres or less, but on larger sales or trade a special agreement was to be made determining the amount of commissions to be paid.

The complaint set out the contract in full and alleged that the plaintiff secured a purchaser for six hundred and forty acres of the

[1] Reported in 127 N. W. 923.

land. The answer admitted the execution of the contract, and alleged, with other defenses, that the parties entered into a special agreement as to plaintiff's commissions, whereby it was stipulated that the plaintiff should receive no commission in excess of fifty cents per acre on the trade or sale in question unless or until a certain house and lot, which was to be accepted by the defendant as a part of the purchase price of the land, should be sold for $1,800, or, in case it was sold for a less sum, the plaintiff should stand the loss, and that the house and lot had not been sold. The making of the alleged special agreement was put in issue by the reply.

The cause was tried by the court without a jury, and at the close of the evidence the defendant admitted, in effect, that unless the alleged special contract was made the plaintiff was entitled to recover the amount he claimed. The court found that the allegations of the complaint were true, that the house and lot had not been sold, and to the effect that the alleged special agreement was not made, and, further, as a conclusion of law, that the plaintiff was entitled to recover $860. The defendant appealed from an order denying his motion for a new trial.

The assignments of error raise the question whether the findings of fact are sustained by the evidence. The only serious question in this connection is whether the findings that the alleged special contract was not made is sustained by the evidence. An examination of the record shows that the evidence as to the making of the special contract was radically conflicting, and such that, if the court had found in favor of the defendant, the finding could not be disturbed. But this is not the test, and a consideration of the whole evidence has led us to the conclusion that the findings of fact are sustained by the evidence, except the allegation in the complaint that the plaintiff's services were of the reasonable value of $960. It is evident that that finding was inadvertently made, and is immaterial.

The plaintiff urges that the appeal was taken for delay, and that we should impose the three per cent. penalty, as provided by R. L. 1905, § 4354. The record discloses no reason for questioning the good faith of the defense made, nor is it apparent that the appeal was taken merely for delay. We decline to impose the penalty.

Order affirmed.